IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LIANA MARIE ORTEGA,

    Plaintiff,

v.                                                                No. 2:22-CV-00322-KRS

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

    Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER is before the Court on Plaintiff Liana Marie Ortega's ("Plaintiff") Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, with Supporting Memorandum filed on May 8, 2023. (Doc. 23). The Commissioner filed a response in opposition to Plaintiff's Motion on May 22, 2023 (Doc. 24), and Plaintiff filed a reply brief on June 5, 2023 (Doc. 25). For the reasons set forth below, the Motion (Doc. 23) is **granted in part and denied in part**.

I.    **BACKGROUND**

Plaintiff applied for supplemental security income on April 15, 2020, but the Social Security Administration denied her application. Tr. at 24. Plaintiff requested a hearing before an Administrative Law Judge "(ALJ)". *Id.* An ALJ heard Plaintiff's case and issued an unfavorable decision on October 4, 2021. *Id.* at 38–39. Plaintiff filed a Complaint in this Court contesting the ALJ's decision on April 28, 2023. (Doc. 1). Plaintiff and the Commissioner consented to proceed before this Court on May 31, 2022, and July 7, 2022, respectively. (Docs. 5, 7). On February 8, 2023, this Court entered an Order reversing the Commissioner's final decision and remanded the case for further proceedings. (Docs. 21, 22). Plaintiff now moves for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*See* Doc. 23).

1

In the present Motion, counsel for Plaintiff seeks fees in the amount of $7,814.50, broken down as 30.70 hours at the rate of $235.00 per hour for attorney time provided in 2022 and 2023, and 6.00 hours at the rate of $100.00 per hour for paralegal time.[1] (Doc. 23 at 2). The Commissioner, in turn, contends that the Court should reduce Plaintiff's requested fee amount by $509.00, for 1.4 hours of attorney time and 1.8 hours of paralegal time as these time entries account for non-compensable clerical work or overhead expenses, and some are duplicative billing entries. (Doc. 24 at 2–6). Further, the Commissioner asks the Court to strike any fees and costs associated with Plaintiff's reply brief. (Doc. 24 at 6–7). In her reply, Plaintiff disagrees that the time entries are not compensable. However, she stipulates to reducing her fee request by $100.50 for various attorney and paralegal entries that could be perceived as clerical. (Doc. 25 at 1, 4). Lastly, Plaintiff requests an additional $940.00 in attorneys' fees for 4.0 hours of work preparing the reply brief. (Doc. 25 at 4). Thereby bringing the total requested fees under the EAJA to $8,654.00.

## II.   LEGAL STANDARD

The EAJA requires the Court to award attorney fees in covered cases if: (1) the plaintiff is a prevailing party; (2) the United States' position was not substantially justified; and (3) there are no special circumstances that make a fee award unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). However, the fee award must be reasonable, and the Court "retain[s] substantial discretion in fixing the amount." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161, 163 (1990); *Hackett*, 475 F.3d at 1168; *see also Collazo v. Shinseki*, 2010 WL 145955, at *1 (Vet. App. Jan. 15, 2010) ("The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation.") (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), overruled on other grounds by *PA. v. DEL. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The applicant bears the burden of: (1) establishing its entitlement to a fee award; (2) providing appropriate supporting documentation; and (3) demonstrating that the requested fee award is

---

[1] The Commissioner does not object to the attorneys' or paralegals' hourly billable rates in 2022 and 2023.

reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *superseded in part by statute* (internal citations omitted)[2]; *Baldridge v. Nicholson*, 19 Vet. App. 227, 233 (2005).

"[T]he most useful and objective starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Baldridge*, 19 Vet. App. at 233 (quoting *Hensley*, 461 U.S. at 433). However, an applicant "is not necessarily entitled . . . to be compensated for all time spent on the case," even if all such time was reasonably spent. *Id.* Rather, in awarding EAJA fees, the Court has "a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Id.* at 233 (quoting *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004)). Thus, for example, an EAJA applicant's attorney must "make a good faith effort to exercise billing judgment" by excluding hours that are "excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 234 (quotation marks omitted). Moreover, "work that is purely clerical in nature may not be billed by any person, including attorneys." *Baldridge*, 19 Vet. App. at 236.

### III.   ANALYSIS

The Commissioner disputes Plaintiff's counsel's billing records on the grounds that 10 entries correspond to administrative and/or clerical tasks and, alternatively, are duplicative entries that are not compensable under the EAJA. (Doc. 24 at 2–6). Plaintiff wholly disputes the Commissioner's assertions. She agrees, nonetheless, to reduce her fee request by $70.50 for 0.30 attorney's hours spent reviewing the summons, notice of appearance, and return of summons, and $30.00 for 0.30 paralegal hours spent communicating with the referral source post-remand. (Doc. 25 at 1, 4). Thus, reducing Plaintiff's fee request to $7,714.00. Plaintiff, however, requests

---

[2] In *Hensley v. Eckerhart*, the Supreme Court held that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." 461 U.S. at 440. It appears, however, that the Prison Litigation Reform Act ("PLRA" has somewhat redefined this approach in prisoner litigation. Under the PLRA, the fee must be "directly and reasonably incurred in proving an actual violation of the plaintiff's rights" and "proportionately related to the court ordered relief for the violation." 42 U.S.C. § 1997e(d)(1). The instant matter does not involve prisoner litigation.

$940.00 for 4.0 attorney hours on the reply brief. (Doc. 25 at 4–5). Thereby bringing Plaintiff's final fee request to $8,654.00.

### A. Duplicative Attorneys' Fees

The Commissioner first contends two entries by lead attorney, Matthew McGarry ("Mr. McGarry") are non-compensable overhead expenses, clerical work, and/or duplicative. (Doc 24 at 4). The Court is not persuaded.

Mr. McGarry billed 0.50 hours for a preliminary review of the transcript in order to assign a briefing attorney. (Doc. 23-2 at 3). He further billed 0.40 hours to review the Commissioner's opposition to the instant Motion and assess issues for the reply. *Id.* The briefing attorney, Julie Atkins ("Ms. Atkins"), billed 21.7 hours for analyzing the administrative record, researching issues, as well as drafting and finalizing Plaintiff's brief. *Id.* Mr. McGarry's efforts were not duplicative of Ms. Atkins nor are his entries overhead expenses. It is essential for a lead attorney to be familiar with the record and briefing to properly prepare, prosecute, and represent his/her client in a matter where the outcome is decided solely on briefing. (*See e.g. Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir. 1986) (assistance of co-counsel compensable when it "is essential to proper presentation"); *Ayze v. Kijakazi*, No. 1:20-cv-338-JB-JHR, 2022 WL 17038637, at *5 (D.N.M. Nov. 17, 2022) (reviewing the record, briefing, and preparing attorney work product are attorney tasks necessary for representation); *Nanxiang Ge v. Brown*, No. CIV. 97-1077 SC/LCS, 1999 WL 35809765, at *3 (D.N.M. Feb. 2, 1999) (co-counsels efforts on the same work product "were essential to proper presentation, prosecution, and representation"). The Court, therefore, finds Mr. McGarry's two entries compensable.

### B. Attorneys' Fees for Clerical Work

The Commissioner also points to five attorney and paralegal time entries that are purportedly clerical work. (Doc. 24 at 3–6). Plaintiff contends all five entries are permissible and essential for proper representation. (Doc. 25 at 3–6).

The Court agrees that Plaintiff requests for fees related to the summons and notice of

appearance,[3] reviewing the briefing schedule, calendaring deadlines, reviewing and processing files to/from the referral source, and processing the administrative record are non-compensable clerical tasks. *See, e.g. Ramirez v. Kijakazi*, No. 2:21-cv-00458-KRS, 2023 WL 2167294, at *3–4 (D.N.M. Feb. 22, 2023) (finding reviewing briefing schedule, calendaring due dates, and processing the administrative record are clerical work); *Ayze*, 2022 WL 17038637, at *5 (reviewing routine filings on the docket are clerical tasks that cannot be compensated as attorney's fees under the EAJA); *Rodriguez v. Berryhill*, 1:15-cv-985-WPL, 2017 WL 3278944, at *2 (D.N.M. Aug. 1, 2017) (initial review of administrative record and preparation of working index are clerical tasks that are not compensable under the EAJA); *Preston v. Colvin*, 1:14-cv-0278-KG-LAM (D.N.M. Aug. 14, 2015) (preparing and downloading is clerical work); *Hardister v. Kijakazi*, 1:21-cv-50-DBP, 2022 WL 2304284, at *3 (D. Utah, June 27, 2022) (reducing "the claimed paralegal time by one half to account for time expended on clerical tasks such as file maintenance and bookmarking PDF documents"). Plaintiff also does not point to any authority establishing communications with the referral source post-remand is compensable under the EAJA. The Court, consequently, deducts the following time from Plaintiff's fee request:

- 0.1 hour of attorney's time to "[r]eview order setting briefing schedule, calendar due dates"
- 0.6 hours of paralegal time for "[f]iles received, reviewed and processed from referral source for attorney review"
- 0.9 hours of paralegal time for "[s]trip PDF/A, OCR & live bookmark Federal Court transcript (926 pages)"
- 0.3 hours of paralegal time for "Federal Court-remand referral back to referral source"

(*See* Doc. 24 at 4–5).

The Commissioner further seeks to exclude 0.10 hours of attorney time spent reviewing

---

[3] The Court does not address the Commissioner's specific objections to these entries because Plaintiff deducted these entries from her fee request. (Doc. 25 at 1.)

the Answer to the Complaint. *Id.* at 3. The Court previously concluded such time is compensable under the EAJA if the attorney bills no more than 0.10 hours for this task. *Serna v. Berryhill*, 16-cv-1176-GJF, 2018 WL 1725169, at *4 (D.N.M. Apr. 6, 2018); *Trivino v. Colvin*, 15-cv-102-MV-GJF, 2018 WL 514537, at *2 (D.N.M. Jan. 22, 2018). Accordingly, the 0.10 hours Plaintiff's counsel spent reviewing the Answer was not clerical and should be compensated.

### C. *Attorneys' Fees for Plaintiff's Reply to the Instant Motion*

Plaintiff requests an additional $940.00 in fees for 4.0 hours of work preparing her reply brief. (Doc. 25). The Commissioner claims Plaintiff should not be rewarded for fees associated with the reply because Plaintiff incited a second litigation by including non-compensable clerical work in the instant Motion. (Doc. 24 at 6–7). The Court has previously awarded fees for a reply brief when the Commissioner's opposition necessitated further litigation. *See Ramirez*, 2023 WL 2167294, at *5. Here, however, *seven out of ten attorney and paralegal entries* are non-compensable clerical tasks.[4] Plaintiff, therefore, is successful on only three attorney time entries for a total of 1.0 hour:

- 0.1 hour of attorney's time to "[r]eview answer to complaint"
- 0.5 hours of attorney time for "[p]reliminary review of transcript-assign attorney writer"
- 0.4 hours of attorney time to "[r]eview Defendant's brief (20 pages), assess for reply"

Although a fee award may encompass all aspects of an EAJA action, the fee award must be reasonable, and the amount to be awarded lies within the Court's discretion. *Jean*, 496 U.S. at 161–63. The Court, thus, exercises its discretion to reduce Plaintiff's fee request associated with the reply brief by 70% because Plaintiff was not successful on seven out of the ten disputed time entries. Hence, the Court deducts 2.80 hours of attorney time for the reply.

---

[4] Commissioner opposed 10-time entries as administrative and/or clerical or, alternatively, duplicative. (Doc. 24 at 3–5). In reply, Plaintiff withdrew 0.30 hours of attorney time and 0.30 hours of paralegal time. (Doc. 25 at 1, 4). Plaintiff did not explain the basis for the withdrawal of attorney time. *Id.* at 1. As for the paralegal time, Plaintiff reduced the request for 0.60 hours for communicating with the referral source post-remand to 0.30 hours because supposedly there is no authority in this Court to substantiate a full reward. *Id.* at 4. Notably, this Court previously found this specific task to be clerical in nature. *See Ramirez*, 2023 WL 2167294, at *3–4.

Based on the foregoing, the Court reduces attorney time by 2.90 hours in 2022 and 2023, and reduces paralegal time by 1.80 hours. Plaintiff is therefore awarded $6,852.50 of attorneys' fees under the EAJA.

IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, with Supporting Memorandum (Doc. 23) is **granted in part and denied in part**. It is ordered that:

1. Plaintiff is awarded $6,852.50 in attorney's fees under the EAJA, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591–93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

2. If Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**